Plaintiff's counsel is here, your honor, Joseph Salpka, SELBKA. Good morning, your honor. Al Morris is here on behalf of the Village of Hoffman Estates. Okay, you are in front of the 1st District Appellate Court, 2nd Division, and the following judges are present today. Myself, Terry Lavin, and my colleagues, Aurelia Puchinski and Cynthia Cobbs. We're here to hear the case of McCaffrey v. The Village of Hoffman Estates, case number 20-0395. The way we've been doing it in our division, anyway, is to give each of the advocates 10 uninterrupted minutes to argue their case, save some time for rebuttal if you're the appellant. And after you finish your 10 minutes or so, we will then ask you questions that we have, if any. So with that in mind, let's hear from the appellant. Good morning, your honors. Joseph Salpka on behalf of Officer McCaffrey and his spouse, Margaret McCaffrey, and Krista McCaffrey, his dependent child. There are two issues in front of the court, two major issues in front of the court that it's going to have to decide on this appeal, which was the circuit court granted a motion to dismiss with prejudice on the first complaint. Officer McCaffrey was disabled in the line of duty, and therefore he is entitled to health insurance benefits paid for by the village under the PSEBA, which is located at 820-ILCS-320-10. The village also has to pay for the health insurance benefits of his spouse, Margaret, and his dependent son, Christopher, which I'll refer to as the McCaffrey dependents in this argument, unless there are health insurance benefits payable from another source. The village argues because Margaret and Christopher, the McCaffrey dependents, are eligible for Medicare, that that means their health insurance benefits are payable from another source. That, however, is not true and is contradicted by federal law. The MSP statute requires the village to pay the health insurance of the McCaffrey dependents under most circumstances. In this case, it's important that the federal MSP statute requires the village to pay the health insurance benefits of the McCaffrey dependents because Officer McCaffrey is employed under federal law. In the circuit court and in the village's brief, the village argues that because Officer McCaffrey is not employed under state law, that that renders the federal Medicare agency the primary payer for the health insurance benefits for the dependents. However, the Officer McCaffrey is employed under federal law. The MSP statute has a specific definition of employment within it and in the federal regulations, which make Officer McCaffrey employed under that statute and thus require the village to pay for the health insurance benefits for the McCaffrey dependents. The federal regulation and statute goes beyond traditional concepts of employment and it requires or makes Officer McCaffrey an employee and thus the Medicare the secondary payer. If the village is in an association in a business relationship with the village or Officer McCaffrey retains rights, employment rights, even while he is on disability. And both of these facts are both of these factors are true in this case because when Officer McCaffrey goes on disability, he becomes he is still required to be ready, willing and able to appear for emergency duty under the Illinois Police Officer Pension Act. And he remains a police officer, despite the fact that he is on disability. He under two cases, which we cited in our brief, Greenan and Pfeiffer, both those cases state that a police officer on a disability pension remains a police officer and thus must retain rights, as a police officer and also because Officer McCaffrey has to be able to conduct emergency duties, he has to remain a he has to have some employment rights to be able to do that under law. If there is an emergency and therefore he is employed under the MSP statute and the village cannot use state law in order to in order to to to shift the cost of these health insurance benefits to Medicare. There is a specific regulation which states that the that an employer cannot use state law or interpretations of state law or contract language in the policy to shift the cost of health insurance from the employer or the employer's insurance company to Medicare. And that is what the village attempted to do here. And that is specifically and that the circuit court accepted this argument. And that is why the village is wrong in this case in the village is responsible for the health insurance benefits of Officer McCaffrey and his dependents, because under the PSCBA, he has to the village has to provide those benefits and they cannot use an interpretation of the PSCBA to shift the cost of that health insurance over to Medicare, which is what they attempted to do here, given Officer McCaffrey's retained rights and his his association with the village. Just quickly going through some of the arguments that the village made in the circuit court accepted. One of the claims is that the employer does not have to pay for retired employees. And that is true in some circumstances. However, under Wilkes versus Levitt, the court has to look at the subsequent relationship to determine whether employment under the federal statute is still in place, which is the case here. Because of the ongoing association and retained employment rights, the subsequent relationship establishes employment and therefore under the MSP statute, the village has to be the primary insurer. The village also claims that the Illinois precedent on Officer McCaffrey's employment are binding. Again, that is untrue under both Illinois Supreme Court precedent, Bush versus Graphics Corporation, and under the federal regulations and the federal law. The federal precedents are what are needed you need to use to guide this court and to guide the circuit court, the Illinois Supreme Court specifically said when this court is interpreting a federal precedent. It uses the precedents of the federal courts and federal law, not state law. And therefore, that that is improper for the court for the circuit court to have done this and it is the village's argument is is inappropriate. The circuit court also relied on the fact that Officer McCaffrey did not work well on disability and was not paid by the village on disability. But none of that is relevant or eliminates Officer McCaffrey's status under federal law as an employee. When an employee has to be ready, willing and able to work, that employee is considered employed regardless of whether the employee does any work. And if there is any thing of value provided what's called remuneration, it does not have to be monetary compensation, anything of value is provided to the employee for being ready, willing and able to work under the MSP statute. That employee is that person is considered employed by the primary employer. We pointed in our brief that volunteers for nonprofit agencies under the AmeriCorps program who are paid from another source, the federal government, they're paid stipends. They are considered employees of those nonprofit agencies if they are if they are required to be available to work for that nonprofit agency. And this is a This is a similar situation. By statute, Officer McCaffrey is required to be ready, willing and able and he therefore is. And he is paid by another source. He's paid by the pension board. I'm out of my time. I can continue forward if you want, or I can answer questions. Do my colleagues have any questions? No. Yep. I needed to unmute myself. Sorry about that. I just have one question. Is it your position that the disability payment is the equivalent of remuneration. Yes, although I would phrase it differently. The ability to prevent the disability payment from being cut off is the remuneration. It is something of value. So the under Han versus McHenry McHenry pension board or would would McHenry and Woodstock pension board. If an officer refuses to be available for emergency. Then the village, then the village, the pension board can cut off his payment hit the right to benefits. So the remuneration, which is anything of value is being able to prevent the village from cutting that stream of benefits off. And also there's remuneration, there's value in complying with any type of statute. So a police officer has to comply with with statute to prevent, for instance, a lawsuit by the village to cut those benefits off or to force them to work a mandamus or a Or, or to prevent the officer from being involved in a crime official misconduct. If an officer refuses to undertake a lawful duty, all of those things are Val are things of value. And as I pointed out in my brief under federal law. And when the federal agencies use the term remuneration. I mean, anything that can be construed as being a value. And certainly anyone on a pension knows the ability to keep those pension payments coming is something of value and Avoiding a lawsuit is something of value and therefore because it is a statutory duty and because pension pension benefits depend on it. It is a responsive. Basically, it is a remuneration and something of value. And just one thing. One final thing. Is there any case that construes the word remuneration to include disability payment. Can you cite us to any case that that describes memory remuneration in the way that you just defined it. I believe I did. Cite a couple cases. In my reply. Several federal cases. That's fine. I get the reply brief and find that myself. You don't have to worry with finding it in this time. Okay. Yeah, but there are two two cases that that define remuneration basically where the Supreme Court said there's a difference between cash remuneration, which is money and remuneration, which is anything of value at all. Okay, let's hear from the Emily. Good morning. May it please the court and counsel. My name is Hal Morris. I represent the village of Hoffman estates and although you can't see her also on the line is Elizabeth Thompson, who is a co counsel with me. The threshold matter in this case concerns the application of an Illinois statute, the placebo statute and whether Illinois case law in Illinois statutory law is controlling the placebo statute, which is what we're talking about here is not unbounded. The placebo statute specifically in section 10 a makes clear that the health insurance benefits payable from another source can extinguish the placebo benefits. Therefore, we would submit that the trial court was correct when it held consistent with Illinois law that the Medicare eligibility of what we now are defining as the McCaffrey defendants extinguished otherwise eligible entitlement to benefits. Pyle versus Granite City is a case that is directly on point there at Granite City firefighter suffered injuries to his shoulder and back and was awarded as McCaffrey was here a line of duty disability pension from the city. There were two points at issue one whether it was a catastrophic injury, which is not of any moment in this matter, but to whether the entitlement to Medicare benefits ended the placebo benefits there. The appellate court made very clear that quote we agree with the city that whereas in this case, the employee lives to have Medicare eligibility is benefits payable under placebo. It can be reduced or ceased. That is what we have in this case. Both the two dependents were specifically Medicare eligible. That's an uncontested fact. The term health insurance plan under placebo does not include any supplemental benefits, which is anything added. Consistent with Illinois law, specifically insurance code section 367. If a person elects continued coverage and becomes Medicare eligible benefits may be supplemental. And if they're supplemental under placebo under 10 a they are not any more recoverable under placebo it extinguished. What is important here is that we would submit that pile has force and effect for this court as well as the very language of placebo granting what the trial court did as correct. Medicare benefits are guaranteed to any working individual in the United States. They are unquestionably health benefits payable from another source and therefore under Illinois precedent. They require that the placebo benefits extinguish in this case. Whether Medicare was secondary or primary is of no effect as we relate to the Medicare statute because when pile in the pile case became Medicare eligible. The benefits were supplemental to Medicare. Plaintiff here urges this court to reject Illinois law for a definition found in Medicare, but there is no conflict between Medicare and Illinois law. Illinois law under placebo is a specific statutory right that was not found at common law. It is to be strictly construed. Here plaintiff says don't construe Illinois law. Look at Illinois law through a lens of federal law and that is inappropriate. What he really is doing the plaintiff in this case is claiming a safe Harbor that he has current employment under the Medicare secondary payment statute and therefore Medicare would not be the primary coverage. However, first and foremost, our Supreme Court has made clear that placebo is a post employment benefit. Illinois courts both the trial court as it did and we would submit this court as well as recognize that they are required to follow the decisions of the Illinois Supreme Court. After the Supreme Court has declared the law with respect to an issue. It is that court in that court alone that has the authority to overrule or modify its decision. In no act versus City of Country Club Hills, the Illinois Supreme Court unequivocally decided and concluded that placebo is a post employment benefit. Its purpose according to that court quote was despite termination of employment due to a line of disability pension termination. Thus, as if speaking about this case, the only Supreme Court concluded when the board awarded plaintiff a line of duty disability pension the plaintiff's employment with the city terminated. That should be the beginning and the end of our analysis or interpretation of the placebo statute. Nevertheless, contrary to no act contrary to placebo's language and contrary to cannons of construction. The plaintiff argues that this binding Illinois precedent from our Supreme Court should not be followed. And it should therefore or this court should therefore conclude based on non Illinois law non Illinois precedent and contrary to Illinois precedent that the plaintiff has some type of current employment relationship with the village. However, starting with the complaint filed in this case at paragraph one and paragraph nine. It is alleged that plaintiff was an active duty police officer indicating in the past tense that he no longer is. Therefore, the trial court was correct to conclude that plaintiff is not actively working for the village and not associated with the village in a business relationship. Under NOAC, placebo is a post employment benefit and an award of line of duty disability terminates employment. It would be inconsistent if plaintiff's position were accepted that you could both take a post employment benefit placebo and also consider yourself to be employed, which would then make you ineligible to receive placebo. Is plaintiff alleging that he has some employment relationship and therefore is not entitled to placebo? Candidly, we would doubt that. And that is the folly we would suggest of that argument. And even under the federal statutes, 42 CFR 411.104, which defines current employment status, which plaintiff urges, is one an individual's actively working for an employer. There is no question that Mr. McCaffrey is not actively working or two, that the party is associated with the employer in a business relationship. That is also not true here in the federal case of Santana versus Deluxe. The court there determined that an individual associated with a business in a business relationship, but did not talk about whether placebo benefits or as Judge Cobb suggested, disability benefits that are received are sufficient to maintain that relationship. We would submit that no case holds that a disability pension equates to a current business relationship. Nor would we suggest that there is any case saying that receipt of a post-employment benefit such as placebo can coexist with employment. The New York Life case, which is cited by plaintiff in their brief, does provide a broad definition of employment. But it does not provide a definition of employment for post-employment disability pension. Rather, it interprets it and says it can be self-insured individuals. Renal care is similarly inapposite. The renal care federal case talks about end-stage renal disease. There is no association, though plaintiff cites to the Illinois Pension Code, but only part of it. Yes, the Illinois Pension Code says that a police officer on a disability pension could be summoned. But that is not all it says. It says they could only be summoned after a determination that they are no longer disabled. That provides a relationship between the disabled officer and the pension board to ensure that the officer still is entitled to the pension. It does not provide any relationship by and between the officer and the village. Greenan v. Board of Trustees indicate that these obligations stem not from employment, but from the jurisdiction of the pension board continuing over a pensioner. Similarly, Hahn v. Pension Fund of Woodstock talks about the change between various retirement pension categories. That is not what we have here. Thus, Mr. McCaffrey's status, much like the status of Hahn, is unaffected by either the obligation to report to the pension board that he remains disabled, or a possible future, if he is no longer disabled, return to active duty. What is most important and was recognized by the trial court here is that Mr. McCaffrey was never certified to be available for duty, was never called back to duty. What plaintiff, in essence, asked this court to do is assume that he might today or tomorrow, but that is something beyond what the record provides and beyond what this court can suggest. Even if we look at the particular section of the pension code that plaintiff cited, which is 42 CFR 411104, and we look at when it talks about if you're not actively involved, how can you be associated? It talks about retaining disability benefits for up to six months, short-term disability. That is inapplicable in this case. Or in section 2 little I, retaining employment rights in the industry. Plaintiff retains no employment rights with respect to the village. Rather, the pension board retains jurisdiction to determine whether the plaintiff is and remains disabled, which then says he is eligible to continue to receive the pension. What is undiscussed at this point is the last claims in the case, which are in the Illinois Wage Act. Under the Illinois Wage Act, the appellate court in Bremer v. Rockford has already determined that benefits under section 10 of PSEBA, which is what we have here, are not considered wages under the Wage Act, i.e. it's inapplicable. Secondly, the Wage Act is for wages. Here, our Supreme Court has said that this is post-termination. And even though Mr. McCaffrey had been appointed as a police officer at an earlier point, that does not suggest that he retains or has any continuing relationship. In conclusion, this appeal and the corresponding trial court proceeding leading up to this appeal arose out of plaintiff's failure to acknowledge and recognize that an Illinois statutory enactment, PSEBA, as interpreted and applied by Illinois courts, including our Supreme Court, that PSEBA is post-employment, makes clear that Medicare eligibility cuts off otherwise entitled benefits. And because of the post-employment nature of PSEBA, plaintiffs cannot be heard to seriously claim that Mr. McCaffrey is employed or in some type of employment relationship and yet can have, with employment, a post-employment benefit. We would submit that the trial court was correct and should be affirmed because plaintiff fails to establish that an Illinois court construing an Illinois statute based on Illinois cases erred. Thank you. No questions here. Any from my colleagues? No. Thank you. Rebuttal? Yes. A couple things. First, Pyle v. Granite City is not on point because of the fact that Pyle concerned a firefighter And the requirement to appear for emergency duty is only in the Police Disability Act. It is not in the, or the Police Pension Act, excuse me. It is not in the, it is not in the firefighter code that I've ever, that I was able to find. And second, it is untrue that a disabled police officer is not required to come back for duty upon summons by the chief. That is in Section 3116, which is different than when a police officer overcomes his or her disability and then asked to come back to active duty. There is a specific requirement for a disabled police officer in Section 3116 of the pension code to come back for emergency duty and to be ready, willing, and able to come back. And that's what makes this different than Pyle. Santana v. Deluxe is also not on point here because in Santana v. Deluxe, the only connection between the employer and the employee was the payment of disability. Whereas in this case, there are two other connections. There's the retaining of employment rights and the association set by statute, which requires an employee, a disabled police officer, to be ready, willing, and able to undertake emergency duties. In regard to the precedent of using Illinois law versus federal law, the Illinois Supreme Court has held in Bush v. Graphics Corporation that in this case, this court uses federal definitions of employment because it is determining whether a federal statute renders someone eligible for benefits. In this case, the federal statute and the terms of that federal statute render the McCaffrey dependents eligible or ineligible for Medicare. And the federal precedents are what the court has to use, not the state precedents. On the Wage Act claim, I want to make a point here. There is a difference between the Wage Act, which is at 775-205, 705-ILCS-225-1, and the Wage Payment and Collection Act, which is at 820-ILCS-505-133. The Wage Act was enacted in, I believe it was either 1889 or 1891, and doesn't cover benefits at all. And that is what Bremer decided. It decided that the statute from 1889 that does not cover benefits and only covers wages is not applicable. The Wage Payment and Collection Act is an updated statute from the 20th century that specifically creates a cause of action for a failure to pay benefits. We're not arguing that the wage payment, that the PSEBA benefits are post-employment benefits. We are arguing that the Wage Payment and Collection Act allows for a cause of action for any benefits which are earned during employment. We're not arguing which PSEBA benefits are. You earn your PSEBA benefits. The police officer earns his or her PSEBA benefits by being a full-time police officer. The issue is not for purposes of the Wage Payment and Collection Act, which no one, which the courts have not yet decided, no higher court has decided in an opinion. The issue is not whether they are wages, but whether they are wage supplements, benefits earned during employment, which is what these wage supplements are. The PSEBA benefits were earned during employment and are therefore actionable wage supplements under the Wage Payment and Collection Act, the updated statute, which is different than the Wage Act, which was enacted back in the 19th century where this wasn't really as much of an issue. Therefore, this is an issue of first impression in front of this court in regard to wage supplements, whether there's an action for those in this case. I just wanted to make that clear that Bremer is not on point because it's construing a different statute. It's construing the 1891 statute and not the Wage Payment Act statute, which specifically allows for post-employment benefits. The federal courts have interpreted similar statutes, and I cite them in my brief, and they say the crucial issue that the court determines is when the benefits are earned, not when the benefits are used or have to be paid out. The issue here with that is lots of benefits are paid out when the employee is not working or no longer working. Disability pensions, retirement pensions, ongoing requirements to provide various... Just to wrap up, counsel, you're out of time. Okay, then I've made my point. Okay, thank you for the briefs and for the argument. We will consider them and issue a decision in the coming weeks. Thank you very much.